IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GENE COGGINS, )
)
PLAINTIFF, )
)
v. ) CASE No. 3:08-cv-263-TMH
)
JACKSON'S GAP WATER AUTHORITY, ) (WO)
)
DEFENDANT. )

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Dismiss (Doc. # 14) filed on May 14, 2008 by Defendant Jackson's Gap Water Authority ("JGWA"). By this motion, JGWA contends that the Complaint filed by Plaintiff Gene Coggins ("Coggins"), who is bringing this and many other actions[1] without the assistance of counsel, fails to state a claim for which relief can be granted and fails to set forth any valid basis for this Court's exercise of subject matter jurisdiction. The Court has carefully reviewed Coggins' filings and agrees that they are deficient. For this reason, this case will be dismissed without prejudice.

A federal court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions

---

[1] Including this case, it appears that Coggins has filed thirty-four *pro se* lawsuits in this Court since 1992. All but seven of those suits have been filed in the past five years. Thirteen of the cases have been filed in the past four months. Many of his cases have already been dismissed either as frivolous or for want of subject matter jurisdiction. In many of the cases Coggins filed in this Court, he was suing to raise his dissatisfaction with the actions of various judicial officers from certain state or municipal courts.

which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted). Therefore, a plaintiff is required by Rule 8(a)(1) of the Federal Rules of Civil Procedure to allege in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." A federal court's jurisdiction must be established by a plaintiff in the complaint by stating the basis of the court's jurisdiction and by pleading facts that demonstrate the existence of jurisdiction. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *Kirkland Masonry, Inc. v. Comm'r,* 614 F.2d 532, 533 (5th Cir. 1980) (same).[2] Even though the Court is required to liberally construe a *pro se* litigant's pleadings, the Court does not have "license to serve as *de facto* counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action...." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998). "[O]nce a court determines that there has been no [Congressional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co* .,228 F.3d 1255, 1261 (11th Cir. 2000). *Accord*, *Barnett v. Bailey,* 956 F.2d 1036, 1039-41 (11th Cir.1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not

---

[2] In *Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

found).

After a careful review of the allegations of the Complaint, this Court finds no conceivable facts on which to base an exercise of this Court's subject matter jurisdiction over this action. It is plain that subject matter jurisdiction cannot be found pursuant to 28 U.S.C. § 1332 because Coggins and the JGWA are both citizens of Alabama for purposes of that statute. Additionally, Coggins' Complaint fails to invoke any federal statute which would give this Court subject matter jurisdiction over this action. While it is true that Coggins alleges a number of purported violations of constitutional rights under the United States Constitution and that 42 U.S.C. § 1983 creates a remedy for deprivations of such rights when the violations occur due to "state action," the Complaint is devoid of any allegation of "state action." Thus, the Court cannot find that either 28 U.S.C. §§ 1331 or 1343 could provide a basis for subject matter jurisdiction.

Because JGWA has correctly asserted that Coggins has failed to allege a basis for subject matter jurisdiction, it is hereby ORDERED as follows:

1. The Motion to Dismiss (Doc. # 14) is GRANTED.

2. This case is DISMISSED without prejudice.

DONE this the 18th day of June, 2008.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE